UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andersen Windows, Inc.,

    Plaintiff,

v.                                             Case No. 17-cv-826 (JNE/KMM)
                                                  ORDER

John W. Garfield,

    Defendant.

Andersen Windows, Inc., brought this action against its former employee, John W. Garfield, and filed a Motion for a Temporary or Preliminary Injunction. Andersen Windows claimed that Garfield is violating restrictive covenants in his employment agreement. In its complaint, Andersen Windows alleged that "Garfield agreed to arbitrate all claims arising from his employment at Andersen," that "Andersen is still permitted under the Employment Agreement to bring a lawsuit in order to obtain preliminary or temporary injunctive relief" notwithstanding the arbitration agreement, that "Andersen is filing a demand for arbitration," and that "Andersen now seeks a preliminary injunction and temporary restraining order to prevent irreparable harm caused by Garfield's on-going breach of the Employment Agreement while the arbitration is pending." The employment agreement states that the agreement to arbitrate is governed by the Federal Arbitration Act.

"In a case involving the Federal Arbitration Act (FAA), courts should not grant injunctive relief unless there is 'qualifying contractual language' which permits it." *Manion v. Nagin*, 255 F.3d 535, 538-39 (8th Cir. 2001). "Qualifying contractual

1

language is 'language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute.'" *Id.* at 539 (quoting *Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46, 47 n.3 (8th Cir. 1994)); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1292 (8th Cir. 1984).

After Andersen Windows filed its motion, the Court ordered Andersen Windows to file a memorandum of law that addresses whether the Court may grant the requested injunctive relief in light of *Manion*, *Peabody Coalsales*, and *Hovey*. Andersen Windows complied, asserting that the employment agreement contains qualifying contractual language "that permits the Court to enter injunctive relief based upon the contract itself and not on the merits of any defenses raised by Garfield."

Garfield opposed Andersen Windows' motion. He argued that the motion "should be denied because its outcome depends on the merits of a breach of contract claim that is only asserted in arbitration and may only be determined by the arbitrator." He also asserted that the Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000, that Andersen Windows did not assert a claim on which injunctive relief can be granted, that Andersen Windows is not likely to succeed on the merits of its claim for breach of contract in arbitration, that Andersen Windows cannot demonstrate a threat of irreparable harm, and that the balance of harms favors denial of an injunction.

In its reply, Andersen Windows maintained that the employment agreement contains qualifying contractual language. It also argued that subject-matter jurisdiction

exists, that it asserted a claim for breach of contract, and that it is entitled to an injunction.

A summary of certain provisions of the employment agreement follows. Paragraph 2 states, "I will never, during or after my employment, use or disclose Confidential Information, unless authorized by the Company in writing or compelled by law (such as by a court order or valid subpoena)." Paragraph 3 contains promises not to compete:

> **3. Promises Not to Compete.** During my employment and for twelve months after the termination of my employment (whatever the cause or reason), I will not, within the Territory, do any of the following:
> a. Work for or Support a Competing Business or a Covered Customer or Vendor;
> b. Sell any Competing Product or Service;
> c. Induce or encourage a Covered Customer or Vendor to reduce, cancel or discontinue its business with the Company, or in any other manner modify or change its existing or potential business relationship with the Company; or,
> d. Recruit Company Personnel.

Paragraph 5 states that "[t]he Company and I mutually agree all Claims (unless specifically excluded below) will be decided only by an arbitrator through arbitration and not by a judge or jury"; that the agreement to arbitrate "is governed by the Federal Arbitration Act"; that the agreement to arbitrate "applies to any Claim that the Company may have against me or that I may have against the Company"; that "the arbitrator, and not any federal, state or local court or agency, will have the exclusive authority to resolve any question or dispute relating to the interpretation, applicability, enforceability or formation of this Employment Agreement and this Agreement to Arbitrate." Paragraph 5 also provides that "[e]ither the Company or I may apply to a court of competent

jurisdiction for temporary or preliminary injunctive relief in connection with a Claim that is subject to arbitration; provided, however, that all determinations of final relief will be decided in arbitration."  Paragraph 16 states that "[t]he terms of this Employment Agreement will remain in force during my employment and after my employment ends, regardless of the reason, for the time periods, if any, governing those terms."

The employment agreement does not contain qualifying contractual language. Nothing in the employment agreement provides the Court with clear grounds to grant the requested relief without addressing the merits of the underlying arbitrable dispute.  That Andersen Windows may apply to the Court for temporary or preliminary injunctive relief does not entitle Andersen Windows to injunctive relief.  *See Manion*, 255 F.3d at 539 ("It is true that the Agreement contemplates the possibility of interim judicial relief in the event of a dispute between the parties.  It does not provide that a party is automatically entitled to injunctive relief, however, but only that a party may *request* such relief."). That some of the employment agreement's provisions remain in force after termination of employment provides no basis to avoid addressing the merits of the underlying arbitrable dispute.  *See Peabody Coalsales*, 36 F.3d at 48 & n.5 ("[T]he bargained-for terms of the Agreement require continued performance as part of the dispute resolution process. Thus, an order compelling arbitration 'in accordance with the terms of the agreement' must necessarily include an order requiring continued performance.").  The Court cannot grant the requested relief without addressing the merits of the underlying arbitrable dispute.  *See Manion*, 255 F.3d at 539 ("Another provision in the Agreement states that a party is entitled to injunctive relief 'in case of any breach,' but in order to issue such

4

relief the district court would have been required to determine that a breach had occurred and to have made a determination on the merits of the underlying dispute, an issue for the arbitrator."); *Peabody Coalsales*, 36 F.3d at 48 ("Where . . . the contract *clearly* requires continued performance during the arbitration process, the judicial inquiry is limited and arbitration under the contract terms will not be delayed.  The court need only read the contract and order arbitration according to its provisions.").

Andersen Windows' Motion for a Temporary or Preliminary Injunction is denied. The hearing on April 11, 2017, at 11 a.m. is cancelled.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Andersen Windows' Motion for a Temporary or Preliminary Injunction [Docket No. 5] is DENIED.

2. The hearing on April 11, 2017, at 11 a.m. is CANCELLED.

Dated: April 5, 2017

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge